RICHMOND MICA CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13065. Promulgated October 10, 1928.

*Bernard D. Hathcock, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income and profits taxes of $4,925.48 for 1920. The respondent reduced by $17,520.58 the amount of a deduction taken by the petitioner as a loss resulting from a fire. The questions raised by the pleadings relate to the rate of depreciation allowable on petitioner's machinery and equipment from March 1, 1913, to March 8, 1920, the date of the fire, the salvage value of the machinery and equipment after the fire and as to whether the petitioner is entitled to have its tax liability determined under the provisions of

section 328 of the Revenue Act of 1918. The last question was abandoned at the trial and there remain only the questions relating to the depreciation and the salvage value of the machinery and equipment.

### FINDINGS OF FACT.

The petitioner was a Virginia corporation with its principal offices at Richmond and has been succeeded by the Richmond Mica Corporation.

The petitioner was organized about January, 1913, and took over a business originally begun in 1889 but which had gone through one or two reorganizations. The business engaged in by the petitioner was the grinding of mica. Scrap mica was purchased, ground and bolted, and sold to the manufacturers of wall paper and rubber tires. Previously to March 8, 1920, the date when the petitioner's machinery and equipment were partially destroyed by fire the petitioner did not own the building which it occupied. The petitioner's machinery and equipment consisted of screens for washing the mica, grinding mills, rollers, bolters, tables, pipes, shafting and pulleys, electric motors, steam tables, boilers and heating plant. The grinding mills were of simple and plain construction a ıd were built of inexpensive materials. The mills consisted of large tubs with revolving rollers which were made of old field pine. The main wear and tear on the mills was in connection with the wooden rollers, which had an average useful life of about 15 months. The tubs had an average useful life of about 10 years. At the date of the fire the petitioner had in operation 8 mills which had a value of about $1,500 each.

The mica was bolted through regular uniform flour mill bolters. The main wear of these was in connection with the silk cloth, which had a useful life of about one year. The useful life of the bolters when kept in repair was about 20 years.

The shafting in the plant had a useful life of more than 20 years.

At the time of the fire the petitioner had 4 large electric motors which had values ranging from $100 to $500 each. These motors had a useful life of 10 years.

The petitioner always kept its machinery and equipment in an excellent state of repair and charged the expenditures therefor to expenses.

As a result of the fire, which occurred in the petitioner's plant on May 8, 1920, the petitioner's machinery and equipment was damaged to such an extent that, excluding the boiler, not more than 10 per cent of it was of any use in reconstructing the petitioner's new plant.

The petitioner in filing its income and profits-tax return took a deduction of $37,787.92 as the amount of its loss sustained on account of the fire and not compensated for by insurance or otherwise. The loss was computed as follows:

|  | Debit | Credit |
| --- | --- | --- |
| Plant account at Mar. 8, 1920 | $33,324.63 | |
| Labor | 3,665.65 | |
| Material | 1,706.01 | |
| Emergency and worthless construction | 12,369.63 | |
| Insurance | | $7,278 00 |
| Salvage | | 6,000.00 |
| Actual loss | | 37,787.92 |
| | 51,065.92 | 51,065.92 |

In determining the amount of the plant account at March 8, 1920, as it appears in the above computation the petitioner computed depreciation from January, 1913, to March 8, 1920, at the rate of 5 per cent on its plant and equipment.

In his determination of the deficiency involved herein, the respondent determined that the depreciation on the petitioner's machinery and equipment should have been computed at the rate of 10 per cent. He also determined that the salvage value of the assets after the fire was $15,000 instead of $6,000 as shown by the petitioner in its return.

From March 1, 1913, to March 8, 1920, the petitioner's machinery and equipment depreciated at a composite rate of not more than 5 per cent per annum.

The salvage value of that portion of the petitioner's machinery and equipment remaining after the fire on March 8, 1920, did not exceed $6,000.

*Judgment will be entered under Rule 50.*